**Melody L. COCHRAN, Plaintiff-Appellant,**

v.

**BANK OF NEW YORK MELLON TRUST COMPANY, N.A.; Western Progressive, LLC; Ocwen Loan Servicing, LLC, Defendants-Appellees.**

No. 15-56203

United States Court of Appeals, Ninth Circuit.

Argued and Submitted February 7, 2017 Pasadena, California

Filed February 28, 2017

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Louis P. Dell, Attorney, Law Office of Louis P. Dell, Burbank, CA, for Plaintiff-Appellant

Emilie K. Edling, Houser & Allison, APC, Portland, OR, Eric D. Houser, Attorney, Houser & Allison, APC, Irvine, CA, for Defendants-Appellees

Before: SCHROEDER, PREGERSON, and MURGUIA, Circuit Judges.

MEMORANDUM *

Plaintiff-Appellant Melody Cochran appeals the district court's order dismissing her complaint, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and dependent state law claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1207 (9th Cir. 2013). We affirm.

The FDCPA only imposes liability when an entity is attempting to collect a debt. 15 U.S.C. § 1692(e). In her complaint, Cochran complains of Defendants-Appellees' conduct related to the initiation of a nonjudicial foreclosure sale of her property, i.e., sending three pre-foreclosure notices. Such activity, which is required under California nonjudicial foreclosure laws, is not debt collection activity as defined by the FDCPA. *Ho v. ReconTrust Co.*, 840 F.3d 618, 621 (9th Cir. 2016) ("[A]ctions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice

of sale, are not attempts to collect a 'debt' as that term is defined by the FDCPA."). Therefore, we affirm the district court's dismissal of the FDCPA claim and the dependent state law claims.

**AFFIRMED.** The issuance of the mandate in this case is **STAYED** pending the issuance of the mandate in *Ho v. Recon-Trust*, No. 10-56884. The requests for judicial notice are **GRANTED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.